**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUN 5 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT MEAKIN, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CALIFORNIA FIELD IRONWORKERS PENSION TRUST; BOARD OF TRUSTEES OF THE CALIFORNIA FIELD IRONWORKERS PENSION TRUST, <br><br> Defendants-Appellees. | No.   18-15216 <br><br> D.C. No. 5:16-cv-07195-EJD <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Argued and Submitted May 13, 2019
San Francisco, California

Before:  McKEOWN and GOULD, Circuit Judges, and BASTIAN,[**] District Judge.

Robert Meakin appeals the district court's grant of summary judgment in

favor of the California Field Ironworkers Pension Trust on Meakin's action for

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Stanley Allen Bastian, United States District Judge for the Eastern District of Washington, sitting by designation.

recovery of benefits under the Employee Retirement Income Security Act of 1974, 29 U.S.C § 1001, *et seq.* ("ERISA"). We have jurisdiction under 8 U.S.C. § 1291, and we review the grant of summary judgment de novo. A.G. v. Paradise Valley Unified Sch. Dist. No. 69, 815 F.3d 1195, 1202 (9th Cir. 2016).

At issue is whether the Trust's Board of Trustees ("Trustees") abused their discretion by reinterpreting Article VIII, § 8(a)(iii) of the Field Pension Trust ("Plan") as requiring an actual separation from employment, and thus finding Meakin ineligible for an early pension.

Despite not yet obtaining Normal Retirement Age, Meakin has met the service and age requirements to be potentially eligible for a Golden 85 pension, found in Article III § 15 of the Plan. To be eligible for a Golden 85 pension, Meakin must "ha[ve] retired." Under Article VIII § 8(a)(iii)of the Plan, Meakin was retired only if he "withdr[ew] completely and refrain[ed] from any employment or activity in the building and construction industry."

If a putative early-retirement pensioner resumes work in the building and construction industry, the pensioner's entitlement to benefits is suspended under Article VIII § 9 until her industry employment ends. However, Article VIII § 8(a)(iv) provides a limited exemption allowing for employment in certain construction positions. To receive such an exemption, an early-retirement petitioner must submit a retiree work application to the Trustees for approval. If

2

the Trustees approve the retiree work application, the early retirement pensioner may continue to work while receiving benefits under the Plan. All retiree work applications are reviewed by the Trustees on an annual basis for compliance with the Plan.

Meakin, then working for C.E. Toland & Son as a Superintendent, applied for a Golden 85 pension on July 18, 2008, and listed his effective retirement date as August 1, 2008. On August 1, 2008, he began working for C.E. Toland & Son as a Safety Director and Estimator. The Trustees approved Meakin's Golden 85 pension application on August 25, 2008. In September 2008, Meakin submitted a retiree work application, which the Trustees approved.

In 2011, the Trustees began to review their interpretation of the Plan in light of recently released IRS guidance regarding in-service distributions. The Trustees entered a voluntary compliance plan with the IRS, disclosing that Article VIII § 8(a)(iv) had been improperly administered. As part of the voluntary compliance plan, the Trustees were required to adopt administrative procedures that would cease improper distributions to putative retirees who never actually retired.

On February 7, 2014, Meakin received a notice informing him that he would cease receiving his pension beginning April 1, 2014. The notice explained that the Trustees had determined that some plan participants, including Meakin, "were approved to receive their pensions . . . even though they had not actually severed

3

their employment as required by federal law and the Pension Plan." The notice informed Meakin that he could appeal this determination or reapply for retiree work approval based upon a new alleged severance from employment. Meakin unsuccessfully appealed and then filed suit in the district court.

The Trustees' denial of benefits "must be upheld 'if it [wa]s based upon a reasonable interpretation of the plan's terms and if it was made in good faith.'" *Moyle v. Liberty Mut. Ret. Ben. Plan*, 823 F.3d 948, 957-58 (9th Cir. 2016) (quoting *McDaniel v. Chevron Corp.*, 203 F.3d 1099, 1113 (9th Cir. 2000)). The analysis does not hinge on which interpretation of the Plan is most persuasive, but on whether the Trustees' interpretation is unreasonable. *Id.* A plan administrator's decision is unreasonable if it is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 676 (9th Cir. 2011).

The Trustees' denial of Meakin's pension was based upon the Plan's definition of "retired." The notice explained that "[t]o be considered retired and entitled to a pension under this Plan before he has attained Normal Retirement Age, a Pensioner must withdraw completely and refrain from any employment or activity in the construction industry."

Meakin does not argue that the reinterpretation was made in bad faith.

Nor does he dispute that his employment as a Safety Director and Estimator constitutes "work in the building and construction trade." Instead, he argues that the Trustees' initial grant of approval and practice of annually approving his retiree work application renders the Trustees' decision unlawful, either because it renders the new interpretation unreasonable because it was an impermissible cutback of an accrued benefit under *Central Laborers' Pension Fund v. Heinz*, 541 U.S. 739, 744–45 (2004), or because equitable estoppel should bar the Trustees from applying the reinterpretation to him.

First, the Trustees' change in position did not render the new interpretation unreasonable. Plan administrators are not shackled to original interpretations. *See, e.g.*, *Oster v. Barco of Calif. Emps.' Ret. Plan*, 869 F.2d 1215, 1219 (9th Cir. 1988). When administrators are granted discretion in interpreting plan provisions, their first interpretation is not set in amber, nor do they lose their discretion after misconstruing the provision once. *See, e.g.*, *Conkright v. Frommert*, 559 U.S. 506, 513 (2010).

Nor is *Central Laborers' Pension Fund v. Heinz* controlling here. In *Heinz*, the Supreme Court addressed whether a retroactive amendment to a plan could limit the types of post-retirement work that a pensioner could perform while receiving early retirement benefits. *Id.* at 743. The Court in *Heinz* found that the bargained-for retirement benefit that the plaintiff was accruing as he

5

earned credits included the right "to supplement retirement income by certain employment," and that the challenged amendment reduced that benefit, in violation of ERISA's anti-cutback rule. *Id.* at 744-45.

In this case, the benefit that Meakin was accruing as he earned service credits included the right to apply for a Golden 85 pension, provided that he first "withdr[e]w completely and refrain[ed] from any employment or activity in the building and construction industry." That condition had always been present even if the Trustees had not enforced it. Thus, this was not, as in *Heinz*, an "addition of a suspension condition," but rather, "the actual suspension of a benefit" under an "existing suspension provision." *Heinz*, 541 U.S. at 750 n.6.

Finally, the Trustees cannot be equitably estopped from enforcing their new interpretation because Meakin has not established "extraordinary circumstances" necessary for such relief in the ERISA context. *See Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 956 (9th Cir. 2014). Such relief would contradict written plan provisions. *Id.* Because Meakin never "retired," as that term is defined in the Plan, any relief requiring the Trustees to continue paying his pension would contradict the written terms of the Plan.

Because the Trustees' reinterpretation of the Plan was not an abuse of discretion, the district court properly granted summary judgment in their favor.

**AFFIRMED.**